SCANNED
MAY 1 0 2004
VEM
U.S. DISTRICT COURT ST. PAUL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-1479

| | | |
|---|---|---|
| Charles Richard Stone, | * | |
| | * | CV02-28 MJD/RLE |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Rick Harry; Anita Schlank; Deborah | * | of Minnesota. |
| Konieska; Rhonda Heskin; Amy | * | |
| Anderson; Lori Parkos; Jim Lind, | * | |
| | * | |
| Appellees. | * | |

Submitted: February 9, 2004

Filed: April 14, 2004

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

COLLOTON, Circuit Judge.

Charles Stone appeals the district court's[1] dismissal of his federal constitutional claims and related state claims. Stone is a civilly committed patient in the Minnesota Sex Offender Program ("the Program") at Moose Lake, Minnesota. He was

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

2004
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK VEM

committed to the program as a "psychopathic personality." *See In the Matter of Charles Richard Stone*, 376 N.W.2d 511, 512-14 (Minn. Ct. App. 1985). Appellees are staff or administrators of the Program.

On January 4, 2002, Stone filed a pro se complaint and "more formal statement" in the district court, alleging violations of his federal and state constitutional rights, as well as violations of federal and Minnesota law. The complaint documents alleged the following: On several days in the fall of 2001, Stone's room at the Moose Lake facility was searched by Program staff. These searches were conducted for various reasons, including allegations from other patients that Stone had access to the Internet in violation of Program rules, that Stone had been engaging in fraudulent activities, and that Stone had child pornography on his computer. The results of the searches led to disciplinary hearings, both because Stone violated a Program rule restricting the number of items he could have in his room, and because contraband was allegedly discovered. After these hearings, Program staff restricted a number of Stone's privileges, and reduced his "security rating."

Stone alleged unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments, deprivations of liberty and property without due process of law in violation of the Fourteenth Amendment, and multiple punishments in violation of his Fifth Amendment right to be free from double jeopardy. Stone also alleged that appellees' actions violated unspecified provisions of state and federal law and the Minnesota Constitution. The district court dismissed all of Stone's claims for failure to state a claim upon which relief could be granted. Stone timely appealed, and was represented ably on appeal by appointed counsel.

Much of the dispute between the parties on appeal concerns what matters were properly before the district court. Appellees contend that several allegations raised by Stone on appeal were not pleaded in his complaint documents, and that we should

not consider them. Stone responds that because he appeared pro se, the district court was required to construe his complaint liberally. He asserts that when his complaint is construed properly, it provides a foundation for the arguments that he advances on appeal.

Though pro se complaints are to be construed liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), they still must allege sufficient facts to support the claims advanced. *See, e.g.*, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In reviewing the dismissal of a pro se complaint, we hold the district court to the requirement of liberal construction, but we also apply our general rule that claims not presented in the district court may not be advanced for the first time on appeal. *See Shelton v. ContiGroup Cos.*, 285 F.3d 640, 643 (8th Cir. 2002) (general rule); *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988) (refusing to address new arguments in a pro se claim, stating, "we do not consider those [claims] sought to be added before us."); *Brown v. General Tel. Co. of Calif.*, 108 F.3d 208, 210 n.1 (9th Cir. 1997) (pro se appellant's arguments raised for the first time on appeal would not be considered).

Stone makes several arguments on appeal that were not presented to the district court. In particular, with respect to several of the dismissed claims, Stone asserts that the district court did not recognize the full scope of his allegations, and thus erred in granting the motion to dismiss. We conclude that the district court properly identified the statutory and constitutional claims alleged by Stone's complaint, liberally construed, and we will not consider additional allegations or arguments raised on appeal that were not discussed by the district court.

Three of Stone's new allegations on appeal relate to the district court's finding that Stone had not alleged deprivation of a constitutionally protected liberty or property interest within the meaning of the Fourteenth Amendment. Those contentions warrant brief discussion.

First, Stone alleged in the district court that his security rating level was decreased from "2B" to "1A," but the complaint did not identify the consequences of this change. On appeal, he argues that the level change "has extended his civil confinement by a minimum of 2 years," and that this extended confinement amounts to a deprivation of a constitutionally protected liberty interest. We do not believe the district court should have inferred this allegation from the complaint. Internal program guidelines that discuss these level changes, which were made available to this court on appeal, would not have been available to the district court. We do not expect a court to know about materials that are not presented or readily available to it. The supplementary materials provided to this court, moreover, indicate that Stone's allegation of a two-year extension of confinement is incorrect.[2] For these reasons, we will not consider Stone's new allegation regarding his security rating level.

---

[2]The supplemental materials provided by Stone indicate that patients who complete the treatment program receive the Program's recommendation to a special review board for release. Internal program guidelines state that a reduction in security rating level does not necessarily mean that a patient's progress in the treatment program -- and thus a recommendation to the review board by the Program -- will be delayed. (Appellant's Citation of Supplemental Authorities, Exh. B, p. 3). Moreover, the final determination to release a patient from the Program is made by a special review board, not by Program administrators. Minn. Stat. § 253B.18 subd. 4c. A patient who has been committed as long as Stone may directly petition the special review board for release, without regard to his security rating level at the facility, so long as any prior petition has not been denied within the previous six months. Minn. Stat. § 253B.18 subd. 5(a).

Second, Stone alleged in his complaint that he was placed on treatment probation, but did not allege the consequences of this probation. On appeal, he argues that he was prevented from receiving the treatment to which he is entitled as a person committed by the State. This deprivation, he asserts, implicates a constitutionally protected liberty interest. The district court, however, was not presented with any allegation about what treatment probation entails, and the district court could not have inferred this new allegation based on publicly available documents. Supplementary materials submitted by Stone on appeal, moreover, indicate that treatment probation is not a suspension of treatment, but rather a warning that group sessions may be discontinued if the patient does not meet the terms of his probation. (Appellant's Citation of Supplemental Authorities, Exh. A, pp. 14-15). Accordingly, we will not consider this new factual allegation regarding treatment probation.

Third, Stone alleged in his pro se complaint that on September 5, 2001, his computer was taken for investigation, and then returned. Later in his complaint, Stone alleged that his "computer was confiscated again to be searched" on November 27, 2001. On appeal, Stone argues that his computer was *permanently* confiscated, and had not been returned as of June 2003. He asserts that this permanent confiscation interferes with a constitutionally protected property interest.

We do not believe the district court should have construed the complaint to mean that Stone was alleging a permanent seizure of his computer. The complaint says the computer was taken "to be searched." This implies that the seizure was limited. It would have been simple for Stone, even as a pro se litigant, to allege that the seizure was permanent, if that is what he meant. When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different,

however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint. We conclude that the district court did not err in failing to assume that Stone alleged something more than a temporary seizure of his computer for a search. Accordingly, we will not consider this new allegation regarding seizure of the computer.

Confining our review to the allegations identified by the district court, we review *de novo* the decision to dismiss the complaint. *See Burton v. Richmond,* 276 F.3d 973, 975 (8th Cir. 2002). The magistrate judge's report and recommendation adopted by the district court thoroughly addressed Stone's claims. We find no error in the dismissal, and we affirm the judgment substantially for the reasons given by the district court. *See* 8th Cir. R. 47B.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans